## Ocker v. Bowers

*Jan Ira Medoff,* for plaintiff.
*George F. Douglas,* for defendant.

KELLER, *J.,* December 1, 1983—Plaintiff initiated this action in trespass and assumpsit on December 10, 1982. Defendant filed preliminary objections in the nature of a motion for more specific statement of facts. On January 17, 1983, plaintiff filed his amended complaint and defendant filed an answer with new matter on February 8, 1983. After plaintiff filed his reply to new matter, defendant filed a motion for judgment on the pleadings.

The motion for judgment on the pleadings is in accordance with Pa. R.C.P. 1034. As stated in the commentary to this Rule found in 2 Goodrich Amram 2d. 411-414.

"Like all summary judgments entered without a trial, judgment on the pleadings may be entered only in clear cases, free from doubt, where there are no issues of fact, and only where the case is so clear that 'a trial would clearly be a fruitless exercise.' . . . The party moving for the judgment on the pleadings admits for the purpose of his motion the truth of all the allegations of his adversary and the untruth of any of his own allegations which have been denied by his adversary."

Plaintiff's complaint alleges that defendant, acting as a general contractor, constructed a dwelling house located at 127 Cedar Avenue, Fayetteville,

Pa. in approximately 1965. Plaintiff is the current owner of said property. A fire occurred in plaintiff's fireplace on November 29, 1981, causing damage to plaintiff's property. Plaintiff alleges that the said fire was the result of faulty construction by the defendant of the fireplace and now seeks to hold him responsible under both trespass and assumpsit theories of law.

Defendant bases his motion for judgment on the pleadings on the twelve-year statute of limitations codified at 42 Pa. C.S.A. §5536. This statute provides that a suit arising out of an alleged deficiency in construction of any improvement to real property must be commenced within twelve years after completion of construction for such improvement in order to recover damages for injury arising out of any such deficiency. It became effective on June 27, 1978, and is substantially a reenactment of the act of December 22, 1965 (P.L. 1183) according to the Official Source Note following 42 Pa. C.S.A. §5536.

In the case of A. J. Aberman, Inc. v. Funk Building Corp., 278 Pa. Super. 385, 420 A.2d 594 (1980), the Superior Court discussed this unique statute of limitations at page 391:

"A true statute of limitations normally commences to run from the date of injury. The Act of 1965, however, protects certain persons from *all claims arising more than twelve years after construction regardless of when the cause of action or injury arises.* (Citations omitted) Thus, for example, if any injury should occur after the twelve year period, the particular statute of limitations applicable to the action might not commence to run until the date of injury, but the bar of the Act of 1965 would preclude any action against the persons protected by the Act without regard to whether the ac-

tion was timely filed under the statute of limitations." (Emphasis supplied.)

In upholding the constitutionality of this 12-year statute of limitations, the court in Freezer Storage, Inc. v. Armstrong Cork Co., 476 Pa. 270, 382 A.2d 715 (1978), discussed the reasons behind allowing a limitation on liability for builders while not permitting such a limitation on actions against others who are also involved in improving real estate, such as landowners and suppliers. Three reasons were suggested as possible rationales for such a distinction. First, builders are potentially liable to a larger class of persons than are owners. Second, builders may be liable for construction defects under various legal theories (contract, warranty, negligence, and perhaps strict liability in tort) while landowners' liability for such defects usually lies only in tort. Third, landowners have the capability to control their liability while builders have no such control over their products after relinquishing them to the landowners. Furthermore, the legislature could have rationally concluded that conditions under which builders work are sufficiently difficult to warrant specific limitations on their liabilities.

Philosophically we deplore the concept of a person being foreclosed from his day in court before an injury has even occurred. However, we are bound to apply the law as it now exists. It is not within our discretion but rather within the realm of the appellate courts to apply the so-called "discovery rule" to this particular statute of limitations when a latent defect is involved. Therefore, defendant's motion for judgment on the pleadings must be sustained and the complaint dismissed.

## ORDER OF COURT

Now, this December 1, 1983, the motion of defendant, Harvey M. Bowers, for judgment on the pleadings is granted, and the complaint of Donald Ocker, plaintiff, is dismissed.

Exceptions are granted plaintiff.